# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

MELIDA MARTINEZ,

        Plaintiff,

v.                                  Case No:  2:17-cv-152-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Petition for Attorney Fees filed on December 11, 2018.  Doc. 30.  Plaintiff moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for an award of attorney's fees in the amount of $3,202.26.  *Id.* at 1.  Plaintiff includes an itemization of time confirming a total of 16.40 hours of attorney time performed in 2017 and 2018 expended at an hourly rate of $195.26.[1]  *Id.* at 3; Doc. 30-1.  Plaintiff states the Commissioner does not oppose the requested relief.  Doc. 30 at 5.  For the reasons stated below, the motion is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely

---

[1] The Court notes that the motion states the 16.40 total hours were performed in 2017, but the itemization of time reflects that 15.15 hours were performed in 2017 and 1.25 hours were performed in 2018.  *See* Doc. 30 at 3; Doc. 30-1.  Plaintiff requests an hourly rate of $195.26 for the total of 16.40 hours, however.  Doc. 30 at 3.

application for attorney's fees; (4) the claimant had a net worth of less than two million dollars at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, on September 11, 2018, the Court entered an Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 28. The Clerk entered judgment in favor of Plaintiff on September 12, 2018. Doc. 29. Plaintiff asserts that the Commissioner's position in the underlying action was not substantially justified and that Plaintiff's net worth at the time this proceeding was filed was less than two million dollars. Doc. 30 at 1-2. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting an adjusted hourly rate that is authorized by applying cost-of-living adjustments to the $125.00 ceiling for work performed during 2017 and 2018. Doc. 30 at 2. Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court finds $195.26 for 2017 and 2018 is an appropriate and reasonable hourly rate for those years. *See id.* Plaintiff's counsel also has submitted a schedule of hours that includes an itemization of legal services performed. Doc. 30-1. After reviewing the description of the services provided, the Court also concludes the time is reasonable and properly compensable.

ACCORDINGLY, it is

**ORDERED:**

1.     Plaintiff's Petition for Attorney Fees (Doc. 30) is **GRANTED**. Attorney's fees in the total amount of $3,202.26 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2.     The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $3,202.26 under the EAJA, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of December, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record